UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: _____

RIPKURRENT LLC,
a Florida limited liability company,

    Plaintiff,

v.

RICHARD BALLARD IRA LLC,
a Georgia limited liability company, and
RICHARD W. BALLARD, individually,

    Defendants.
_____/

## COMPLAINT

Plaintiff ripKurrent LLC sues Defendants, Richard Ballard IRA LLC and Richard W. Ballard individually, and states as follows:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff ripKurrent LLC is a Florida limited liability company with its principal place of business in Boca Raton, Palm Beach County, Florida. Its sole managing member, Justin C. Dye is a citizen of Florida who resides in Palm Beach County. Therefore, ripKurrent is a citizen of Florida.

2. Defendant Richard Ballard IRA LLC is a Georgia limited liability company with its principal place of business in Alpharetta, Georgia. Its sole managing member, Defendant Richard W. Ballard, is a citizen of Georgia who resides in Alpharetta, Georgia. Therefore, Defendants are citizens of Georgia.

3. This Court has original diversity jurisdiction of this action under the provisions of 28 U.S.C. § 1332 because the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different States.

4. This Court has personal jurisdiction over Defendants under the provisions of section 48.193(1)(a), Florida Statutes, because Defendants: (1) breached a contract in Florida by failing to perform acts required by the contract to be performed in Florida; (2) caused injury to ripKurrent in Florida while engaged in solicitation or service activities within Florida; and (3) committed a tortious act (fraud) within Florida.

5. Venue is proper under the provisions of 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to the claims occurred in the Southern District of Florida. Specifically, the Consulting Agreement involved in these claims required Ballard to perform consulting services for ripKurrent in Boca Raton, Florida.

## RIPKURRENT AND BALLARD CONTRACT

6. On October 20, 2017, ripKurrent was presented with a term sheet to engage Ballard for consulting services. ripKurrent was advised that the Rockdome Las Vegas project – the central basis for the proposed consulting agreement between ripKurrent and Ballard – was "fully funded."

7. On November 4, 2017, Ballard represented to ripKurrent that he met with the Founder & CEO of Rockdome and that "ripKurrent is now the General Contractor of Technology for the Rockdome project going forward".

8. Ballard advised that his efforts were a "success by all measures" and that as a result, "[i]t is now critical we memorialize and execute our agreement by Friday, November 10th as agreed and planned."

9. Based on Ballard's representations, ripKurrent and Ballard formally entered into a Consulting Agreement on November 9, 2017. A copy of the Consulting Agreement is **Exhibit 1.** The Consulting Agreement provided that Ballard would provide consulting services to assist ripKurrent in obtaining, presenting, and soliciting sports, entertainment, hospitality, retail projects and project agreements for ripKurrent in Boca Raton, Florida. *Id.* at 1.

10. ripKurrent was induced to retain Ballard based on Ballard's representations that he possessed "expertise in sales and business development obtaining projects and project agreements in the sports, entertainment, hospitality and retail industries for technology products, solutions and services" and that he was willing to provide that expertise to ripKurrent. *Id*.

11. Ballard further agreed to "devote such time, attention and energy to the business and affairs of ripKurrent . . . to attain the business objectives of ripKurrent". *Id.* at 3.

12. To obtain Ballard's expertise and services, ripKurrent agreed to pay an initial advance payment of two hundred fifty thousand dollars ($250,000.00) on or before November 10, 2017 in exchange for: (a) Ballard's past, current, and then-ongoing services in the Rockdome Las Vegas project and other mutually agreed upon projects to be developed; and (b) Ballard causing ripKurrent to become the primary contractor for any and all products, solutions and services sold at the Rockdome Las Vegas project. *Id.* at 2.

13. ripKurrent paid Ballard the $250,000.00 advance payment on November 9, 2017.

## BALLARD FAILS TO PERFORM HIS OBLIGATIONS

14. Ballard failed to perform the "ripKurrent Scope of Services" in that he did not cause ripKurrent to become the primary contractor for any and all products, solutions, and services sold at the Rockdome Las Vegas project.

15. Additionally, ripKurrent did not obtain any sports, entertainment, hospitality or retail projects through Ballard.

16. ripKurrent did not derive any benefit from the Consulting Agreement or Ballard.

17. Based on Ballard's failure to obtain a definitive agreement for ripKurrent to provide the "ripKurrent Scope of Services" for the Rockdome Las Vegas project and Ballard's material breaches of the Consulting Agreement, ripKurrent terminated the Consulting Agreement on February 20, 2019. As a result, Ballard did not earn any payments contemplated under the Consulting Agreement.

18. Ballard has repaid $15,000.00 of ripKurrent's $250,000.00 advance payment. Therefore, ripKurrent is entitled to repayment of the remaining $235,000.00 plus interest pursuant to Section 8.3 of the Consulting Agreement.

19. Despite Ballard's acknowledgment that ripKurrent is entitled to repayment of the $235,000.00 owed to ripKurrent, Ballard has failed to make any subsequent payments.

## COUNT I – BREACH OF CONTRACT
*Against Defendants*

20. ripKurrent realleges and incorporates by reference the allegations contained in paragraphs 1 through 19 above as if fully set forth herein.

21. The Consulting Agreement was a contract between ripKurrent and Ballard.

22. ripKurrent fully complied with the Consulting Agreement by delivering the $250,000.00 advance payment to Ballard.

23. After Ballard received the $250,000.00 advance payment, Ballard failed to perform his obligations under the Consulting Agreement, including but not limited to: (1) failing to cause ripKurrent to become the primary contractor for any and all products, solutions, and services sold at the Rockdome Las Vegas project; (2) failing to obtain any sports, entertainment, hospitality or retail projects for ripKurrent.

24. As a result, Ballard materially breached the Consulting Agreement.

25. As a further result of Ballard's foregoing actions, inactions, and breaches, and to enforce ripKurrent's rights under the Consulting Agreement, ripKurrent has been forced to incur reasonable expenses and costs, including payment of attorneys' fees to undersigned counsel. ripKurrent is entitled to recover these fees and costs pursuant to Section 10 of the Consulting Agreement.

WHEREFORE Plaintiff ripKurrent LLC demands judgment in its favor against Defendants Richard Ballard IRA LLC and Richard W. Ballard for the following amounts:

- $235,000.00 in damages based on the unearned advance payment; and
- prejudgment interest and post judgment interest under Georgia law; and
- reasonable attorneys' fees incurred in enforcing the Consulting Agreement; and
- costs of incurred as a result of filing said lawsuit; and
- any other relief this Court deems just and proper.

### COUNT II – FRAUDULENT INDUCEMENT
*Against Richard W. Ballard individually*

26. ripKurrent realleges and incorporates by reference the allegations contained in paragraphs 1 through 19 above as if fully set forth herein.

27. Ballard willfully and knowingly made false representations to ripKurrent concerning his "expertise in sales and business development obtaining projects and project agreements

-5-

in the sports, entertainment, hospitality and retail industries for technology products, solutions and services" and his willingness to provide that expertise to ripKurrent.

28. Additionally, Ballard induced ripKurrent to enter into the Consulting Agreement by representing to ripKurrent that ripKurrent was "now the General Contractor of Technology for the Rockdome project going forward."

29. Ballard intended to induce, and did induce, ripKurrent into the Consulting Agreement based on these misrepresentations.

30. ripKurrent justifiably relied on Ballard's representations to ripKurrent's detriment when it entered into the Consulting Agreement. As a result, ripKurrent suffered damages.

WHEREFORE Plaintiff ripKurrent LLC demands judgment in its favor against Defendant Richard W. Ballard for the following amounts:

- repayment of the $235,000.00 unearned advance payment; and
- reasonable attorneys' fees incurred in this matter; and
- costs of incurred as a result of filing said lawsuit; and
- any other relief this Court deems just and proper.

### COUNT III – NEGLIGENT MISREPRESENTATION
*Against Richard W. Ballard individually*

31. ripKurrent realleges and incorporates by reference the allegations contained in paragraphs 1 through 19 above as if fully set forth herein.

32. Ballard knew or should have known that he made false representations or omissions to ripKurrent concerning his "expertise in sales and business development obtaining projects and project agreements in the sports, entertainment, hospitality and retail industries for technology products, solutions and services" and his willingness to provide that expertise to ripKurrent.

33. Additionally, Ballard induced ripKurrent to enter into the Consulting Agreement by representing to ripKurrent that ripKurrent was "now the General Contractor of Technology for the Rockdome project going forward."

34. Ballard intend to induce, and did induce, ripKurrent into the Consulting Agreement based on these misrepresentations.

35. ripKurrent justifiably relied on Ballard's representations to ripKurrent's detriment when it entered into the Consulting Agreement. As a result, ripKurrent suffered damages.

WHEREFORE Plaintiff ripKurrent LLC demands judgment in its favor against Defendant Richard W. Ballard for the following amounts:

- repayment of the $235,000.00 unearned advance payment; and
- reasonable attorneys' fees incurred in this matter; and
- costs of incurred as a result of filing said lawsuit; and
- any other relief this Court deems just and proper.

## COUNT IV – UNJUST ENRICHMENT
*Against Defendants*

36. ripKurrent realleges and incorporates by reference the allegations contained in paragraphs 1 through 19 above as if fully set forth herein.

37. Through the advance payment of $250,000, ripKurrent conferred financial benefits on Defendants.

38. Ballard signed the Consulting Agreement and as a result, had knowledge of the conditions upon which the benefits were accepted. Ballard was unjustly enriched through his personal use of these benefits, including but not limited to the purchase of real and personal property in Georgia. Ballard has accepted and retained these benefits.

39. It would be inequitable and unjust for Ballard to retain the financial benefits that ripKurrent conferred on him pursuant to the Consulting Agreement without performing the obligations required by the Consulting Agreement.

40. ripKurrent has been damaged by Ballard's acceptance and ongoing retention of the financial benefits that ripKurrent provided to Ballard on the conditions specified in the Consulting Agreement.

WHEREFORE Plaintiff ripKurrent LLC demands judgment in its favor against Defendants for damages, interest, attorneys' fees and costs.

### COUNT V – PIERCING THE CORPORATE VEIL / ALTER EGO
*Against Defendants*

41. ripKurrent realleges and incorporates by reference the allegations contained in paragraphs 1 through 19 above as if fully set forth herein.

42. Defendant Richard W. Ballard has a unity of interest and ownership of Defendant Richard Ballard IRA LLC. It is believed that Defendant Richard W. Ballard is the sole managing member and owner of Defendant Richard Ballard IRA LLC.

43. Defendant Richard W. Ballard is the registered agent of Defendant Richard Ballard IRA LLC and resides at Defendant Richard Ballard IRA LLC's office address.

44. Defendant Richard W. Ballard has disregarded the corporate form and used the corporate entity of Defendant Richard Ballard IRA LLC to evade contractual responsibility under the Consulting Agreement and tort responsibility for the misrepresentations alleged herein.

45. At all times material, Defendant Richard W. Ballard used Defendant Richard Ballard IRA LLC to such an extent that its independent existence was nonexistent and that it was Defendant Richard W. Ballard's alter ego.

46. ripKurrent has been damaged by Defendants' actions and misuse of the corporate form.

WHEREFORE Plaintiff ripKurrent LLC requests that the Court declare that Defendant Richard W. Ballard is Richard Ballard IRA LLC's alter ego, and therefore the corporate veil is subject to piercing; and therefore, demand judgment against Richard W. Ballard, in his individual capacity, for damages, interest, attorneys' fees and costs.

Dated June 24, 2020

Respectfully submitted,

s/ Miranda Lundeen Soto
Miranda Lundeen Soto, Esq.
MLundeenSoto@shutts.com
Florida Bar No. 637963
Daniel R. Lazaro, Esq.
DLazaro@shutts.com
Florida Bar No. 99021
**SHUTTS & BOWEN LLP**
200 South Biscayne Boulevard, Ste. 4100
Miami, FL  33131
Telephone:  (305) 358-6300
Facsimile:  (305) 347-7878
GDeleon@shutts.com
LMFernandez@shutts.com

*Attorneys for Plaintiff RipKurrent LLC*